# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

***Willms v. OSF Healthcare System*, 2013 IL App (3d) 120450**

---

| | |
|---|---|
| Appellate Court Caption | GARY WILLMS, Plaintiff-Appellant, v. OSF HEALTHCARE SYSTEM., Defendant-Appellee. |
| District & No. | Third District<br>Docket No. 3-12-0450 |
| Filed | February 26, 2013 |
| Rehearing denied | April 4, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Plaintiff's allegation that he was terminated from his position as maintenance director at defendant's nursing home in retaliation for the fine assessed after he told an inspector from the Illinois Department of Public Health that a sidewalk at the home had not been repaired according to the inspector's order stated a claim under the Whistleblower Act, since he had a reasonable belief a state regulation was violated and he told the inspector, regardless of the fact that the inspector learned of the violation from another source. |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 11-L-252; the Hon. David J. Dubicki, Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on Appeal

Ryan S. McCracken (argued) and Richard L. Steagall, both of Nicoara & Steagall, of Peoria, for appellant.

L. Lee Smith and Ambrose V. McCall (argued), both of Hinshaw & Culbertson LLP, of Peoria, for appellee.

Panel

JUSTICE O'BRIEN delivered the judgment of the court, with opinion.

Justices Lytton and McDade concurred in the judgment and opinion.

**OPINION**

¶ 1     The plaintiff, Gary Willms, a former employee of the defendant, OSF Healthcare System, alleged that he was terminated in violation of the Illinois Whistleblower Act (740 ILCS 174/1 *et seq.* (West 2008)). The trial court granted OSF Healthcare's motion to dismiss, finding that Willms' communication with an Illinois Department of Public Health inspector was not a "disclosure" under the Whistleblower Act. Willms appealed.

¶ 2                                          FACTS

¶ 3     Since this was a dismissal on the pleadings, the facts are as alleged in Willms' complaint. Willms was employed as the maintenance director at the OSF Saint Clare Home for nine years. The St. Clare Home was owned and operated by OSF Healthcare. Willms was in charge of maintenance for the St. Clare Home.

¶ 4     In 2007, an outside contractor was hired to install a sidewalk between an exit door of the St. Clare Home and a parking lot. An inspector with the Illinois Department of Public Health initially found that the sidewalk complied with health department regulations for handicap access. However, upon a return inspection in August 2008, the inspector told Willms that the sidewalk slope was about one inch too steep, and the inspector gave the facility until October 24, 2008, to alter the slope. Willms asked an employee of the contractor who installed the sidewalk to measure the slope of the sidewalk. A laser measurement confirmed that the slope of the sidewalk was five-eighths of an inch too steep.

¶ 5     Willms informed Kelly McGrath, the administrator of the St. Clare Home, of the deadline and gave her a copy of the inspector's report. Willms had the authority to do routine maintenance repairs, but his duties did not include major repairs or construction. Willms also informed McGrath that he had the sidewalk measured, and the inspector was correct that the slope was indeed too great. However, the sidewalk was not repaired by the deadline. When the inspector returned for a follow-up inspection on February 10, 2009, the inspector asked Willms whether the changes had been made to the sidewalk's slope. Willms told the

-2-

inspector that the alteration had not been made, and also confirmed that the slope of the sidewalk did indeed violate the regulations. In response, the inspector issued an order that sidewalk construction begin immediately. Construction on the sidewalk occurred on February 25-26, 2009.

¶ 6        Thereafter, McGrath informed Willms that the Illinois Department of Public Health had assessed a $33,600 fine to the St. Clare Home for the failure to complete the sidewalk repair by the deadline of October 24, 2008. McGrath told Willms that the fine would cost either her or Willms a job. Willms' employment was then terminated on March 13, 2009, and the termination letter stated that Willms' termination was a direct result of poor performance related to the fine.

¶ 7        Willms filed suit, alleging that he was terminated in retaliation for the disclosure of information to a government agency in violation of the Illinois Whistleblower Act (740 ILCS 174/1 *et seq.* (West 2008)). The alleged disclosures were that Willms told the inspector that the repair had not been done and also the confirmation that the sidewalk was in violation.

¶ 8        OSF Healthcare moved to dismiss the second amended complaint, pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2008)), contending that the complaint was insufficient as a matter of law because Willms did not make a "disclosure" under the Whistleblower Act. The trial court granted the motion to dismiss, with prejudice and without leave to refile.

¶ 9                                    ANALYSIS

¶ 10       Willms argues that his second amended complaint stated a cause of action under the Illinois Whistleblower Act. Willms contends that liability under the Whistleblower Act depends on an employee's reasonable belief, not the knowledge of the governmental agency, *i.e.*, there is no original source requirement. In granting the motion to dismiss, the trial court agreed with OSF Healthcare that there was no disclosure under the Whistleblower Act because the inspector had, or would have, discovered the violation on his own. We review *de novo* dismissals under section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2008)) for failure to state a claim. *Kean v. Wal-Mart Stores, Inc.*, 235 Ill. 2d 351 (2009).

¶ 11       Section 15 of the Whistleblower Act provides:

"An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of a State or federal law, rule, or regulation." 740 ILCS 174/15(b) (West 2008).

¶ 12       OSF Healthcare argues that Willms did not make a disclosure under the Whistleblower Act because the inspector discovered the noncompliant slope, and there was no allegation that Willms requested the inspection. Willms argues that since he reasonably believed there was a violation of a state regulation, and he disclosed that to the inspector, he was protected from employer retaliation under the Whistleblower Act, regardless of whether the inspector had acquired the same information elsewhere.

¶ 13     When interpreting a statute, we must ascertain and give effect to the legislative intent. *Sardiga v. Northern Trust Co.*, 409 Ill. App. 3d 56 (2011). The best indicator of legislative intent is the statutory language, which must be interpreted as a whole and given an ordinary meaning. *Sardiga*, 409 Ill. App. 3d at 61-62. Black's Law Dictionary defines "disclosure" as "[t]he act or process of making known something that was previously unknown; a revelation of facts." Black's Law Dictionary 531 (9th ed. 2009).

¶ 14     The language of the Whistleblower Act seems plain and consistent. If an employee had reasonable cause to believe there was a violation of a state or federal law, rule or regulation, and he disclosed that to a governmental agency, he is protected from any employer retaliation by the Whistleblower Act. The language focuses on the employee's belief; the focus is not on what the government agency already knows or could discover. There is no language in the statute to support an interpretation that the employee's disclosure has to be the first, or only, disclosure of the violation. If the legislature had intended to impose such a restriction, it could have imposed an original source requirement, as it did in the Illinois Whistleblower Reward and Protection Act. See 740 ILCS 175/4(e)(4)(B) (West 2008).

¶ 15     In this case, Willms' allegations reveal that he told the inspector that the sidewalk was out of compliance and that it had not been repaired in accordance with the inspector's order. Willms also alleged that he was terminated in retaliation for the fine assessed based on those disclosures. Interpreting the Whistleblower Act as a whole, and giving the language its ordinary meaning, Willms has alleged sufficient facts to state a claim under the Whistleblower Act. Thus, the trial court order granting OSF Healthcare's motion to dismiss is reversed, and the cause is remanded for further proceedings consistent with this opinion.

¶ 16                                          CONCLUSION

¶ 17     The judgment of the circuit court of Peoria County is reversed and the cause is remanded.

¶ 18     Reversed and remanded.